FILED

2015 OCT -8 PM 12: 43

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADISON-RAE JORDAN, individually and as next friend of D.M., a minor,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.: 15-cv-1199 BEN (NLS)<br><br>**ORDER GRANTING MOTION TO DISMISS PLAINTIFF JORDAN'S CLAIM ONLY** |

Before this Court is a partial Motion to Dismiss, filed by Defendant United States of America. (Docket No. 9.) For the reasons stated below, the Motion is **GRANTED**.

## BACKGROUND[1]

On May 29, 2015, Plaintiff Madison-Rae Jordan, on behalf of herself and D.M., initiated this medical malpractice action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80. On May 3, 2013, D.M., Plaintiff's three year-old child, was treated at the Naval Hospital Camp Pendleton for flu-like symptoms. (Compl. ¶ 19.) The

---

[1] Unless otherwise noted, the following background is drawn from the allegations of Plaintiff's Complaint. The Court is not making any factual findings, but rather only summarizing the relevant facts alleged for purposes of evaluating Defendant's motion to dismiss.

1

next day, D.M. was brought to the hospital's emergency room where a Dr. Strohl decided to perform a lumbar puncture to test D.M. for meningitis. (Compl. ¶¶ 20, 22.) A Dr. Lilli actually performed the procedure. (Compl. ¶ 23.) The procedure was performed before obtaining D.M.'s blood work, a blood culture, or starting an IV. (Compl. ¶ 22.) During the procedure, D.M. was not sedated or restrained, nor was any local anesthesia administered. (Compl. ¶ 23.) After the procedure, D.M. vomited, experienced increased headache pain, and pain and weakness in his legs. (Compl. ¶ 25.) According to the Complaint, D.M. was unable to walk without pain or assistance within 12 hours of the procedure. (Compl. ¶ 25.) No further treatment occurred on May 5. (Compl. ¶ 29.)

On May 6, 2015, D.M. was transferred to the Naval Medical Center San Diego where an MRI of his brain and spinal cord was conducted. (Compl. ¶ 33.) Afterwards, D.M. underwent an urgent laminoplasty and evacuation of the subarachnoid hemorrhage located on his lower spine. (Compl. ¶ 33.)

Plaintiff Jordan alleges Defendant was negligent by: (1) performing the lumbar puncture, which it would have known was unnecessary had it waited for D.M.'s blood work; (2) failing to properly sedate and restrain D.M. during the lumbar puncture; and (3) delaying in diagnosing and treating D.M.'s symptoms after the lumbar puncture. (Compl. ¶¶ 37-38.) Jordan also claims that Defendant's negligent conduct was the actual and proximate cause of both hers and D.M.'s injuries. (Compl. ¶ 37.) Jordan seeks damages on behalf of D.M. for past and future pain and suffering, mental anguish, loss of income, medical and attendant care expenses, etc. (Compl. ¶ 40.) Jordan also seeks damages on behalf of herself for past and future suffering and mental anguish, medical, health care, and attendant care expenses for D.M. until his age of majority, and pecuniary damages. (Compl. ¶ 41.)

## LEGAL STANDARD

### I. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint if, taking all factual allegations as true, the complaint fails to state a plausible claim for

relief on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). Dismissal is appropriate if the complaint fails to state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter complained of, or if the complaint lacks a cognizable legal theory under which relief may be granted. *Twombly*, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## II.  Applicable Law

Under the FTCA, the United States may be held liable for the negligence of its agents or its employees. Liability is to be determined "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Tort actions under the FTCA are to be governed by the "law of the place." 28 U.S.C. § 1346(b); *Kangley v. United States*, 788 F.2d 533, 534 (9th Cir. 1986). Because the acts which are the subject of this action occurred in California, California law applies.

## DISCUSSION

Defendant asks this Court to dismiss Jordan's claim for medical malpractice and damages in her individual capacity only.

## I.  Jordan's Individual Claim

Defendant argues that it owes no duty to Jordan because no doctor-patient relationship exists between Jordan and Defendant. For the same reasons, Defendant contends Jordan is precluded from recovering damages for emotional distress.

In California, a medical malpractice claim is the same as a negligence claim. *Mero v. Sadoff*, 31 Cal. App. 4th 1466, 1474 (2d Dist. 1995) ("In California, however, there is no distinction between malpractice and negligence."); *see also Flowers v. Torrance Mem'l Hosp. Med. Ctr.*, 8 Cal. 4th 992, 997 (1994). To establish a claim for negligence, a plaintiff must show "a legal duty of care, its breach, causation and resulting injury." *Schwarz v. Regents of Univ. of Cal.*, 226 Cal. App. 3d 149, 153-54 (2d Dist. 1990). "Whether a defendant owes a duty of care is a question of law. Its existence depends

upon the foreseeability of the risk and upon a weighing of policy considerations for and against imposition of liability." *Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*, 48 Cal. 3d 583, 588 (1989).

A plaintiff may recover damages for the emotional distress caused by observing the negligently inflicted injury of a third person, if the plaintiff:

> (1) is closely related to the injury victim; (2) is present at the scene of the injury producing event at the time it occurs and is then aware that it is causing injury to the victim; and (3) as a result suffers serious emotional distress—a reaction beyond that which would be anticipated in a disinterested witness and which is not an abnormal response to the circumstances.

*Thing v. La Chusa*, 48 Cal. 3d 644, 667-68 (1989).

Here, Jordan seeks to recover damages for the injury suffered by her son, D.M., as a result of Defendant's negligent conduct at the hospital. Jordan need not allege the existence of a doctor-patient relationship between herself and Defendant, as she may seek damages under *Thing*'s bystander theory. However, as Defendant points out, Jordan failed to allege that she was present at the hospital with D.M., that she was aware that Defendant's conduct was causing harm to her son, and that she suffered any emotional distress as a result. The Complaint therefore fails to allege sufficient facts to support Jordan's claim of medical malpractice. Accordingly, Defendant's Motion is **GRANTED** and Jordan's claim in her individual capacity is **DISMISSED**.

## II. Prayer for Relief

Defendant maintains that Jordan's prayer for medical, health, and attendant care expenses should be dismissed because Jordan waived her right to recover such damages by seeking to recover the same relief on behalf of D.M.

Rule 12(b)(6) permits dismissal for failure to state a *claim*. A prayer for damages constitutes a remedy, not a claim within the meaning of Rules 8(a)(2) or 12(b)(6). Thus, Jordan's prayer for relief does not provide any basis for dismissal under Rule 12. *See Oppenheimer v. Southwest Airlines Co.*, No. 13-cv-260, 2013 WL 3149483, at *3-4 (S.D.

Cal. June 17, 2013).

## CONCLUSION

Defendant's Motion to Dismiss is **GRANTED**. Jordan's individual claim for medical malpractice is **DISMISSED** without prejudice. The Court **GRANTS** Plaintiff leave to file a First Amended Complaint within **14 days** of the date this Order is filed.

**IT IS SO ORDERED.**

Dated: October 08, 2015

Hon. Roger T. Benitez
United States District Judge

15-cv-1199