# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADISON-RAE JORDAN, individually and as next friend of D.M., a minor,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.: 15-cv-1199 BEN (NLS)<br><br>**ORDER DENYING MOTION TO DISMISS PLAINTIFF JORDAN'S NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM** |

    Before this Court is a partial Motion to Dismiss, filed by Defendant United States of America. (Docket No. 17.) For the reasons stated below, the Motion is **DENIED**.

## BACKGROUND

**I.     Procedural Background**

    On May 29, 2015, Plaintiff Madison-Rae Jordan, on behalf of herself and D.M., Plaintiff's three year-old child, initiated this medical malpractice action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80. (Docket No. 1.) Defendant moved to dismiss Plaintiff's individual claim for medical malpractice. (Docket No. 9.) The Court issued an order granting Defendant's motion and granting Plaintiff leave to amend. (Docket No. 15.) Plaintiff filed the operative First Amended Complaint ("FAC") on October 19, 2015. (Docket No. 16.) Defendant then filed the instant motion pursuant

1

to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff failed to allege sufficient facts to support her individual claim for negligent infliction of emotional distress.

## II.  Factual Background[1]

On May 3, 2013, D.M. was treated at the Naval Hospital Camp Pendleton for flu-like symptoms. (FAC ¶¶ 3, 19.) The next day, D.M. was brought to the hospital's emergency room where a Dr. Strohl decided to perform a lumbar puncture to test D.M. for meningitis. (FAC ¶¶ 20, 22.) Although Plaintiff was promised that the attending physician would perform the procedure, the resident, Dr. Lilli, actually performed the procedure. (FAC ¶¶ 23, 24.) The procedure was performed before obtaining D.M.'s blood work, a blood culture, or starting an IV. (FAC ¶ 22.)

Plaintiff informed the doctors that D.M. needed to be restrained and sedated because he was very fidgety and not capable of sitting still. (FAC ¶ 23.) However, D.M. was not sedated or restrained during the procedure, nor was any local anesthesia administered. (FAC ¶ 24.) Plaintiff observed Dr. Lilli perform multiple punctures and watched as D.M. struggled and screamed. (FAC ¶¶ 24, 25.) Plaintiff asserts that the experience was extremely traumatizing for her son and herself. (FAC ¶ 25.) Plaintiff broke into tears. (FAC ¶ 25.) After the procedure, D.M. vomited, experienced increased headache pain, and pain and weakness in his legs. (FAC ¶ 27.) According to the Complaint, D.M. was unable to walk without pain or assistance within 12 hours of the procedure. (FAC ¶ 27.) No further treatment occurred on May 5. (FAC ¶ 31.)

On May 6, 2015, D.M. was transferred to the Naval Medical Center San Diego where an MRI of his brain and spinal cord was conducted. (FAC ¶ 35.) Afterwards, D.M. underwent an urgent laminoplasty and evacuation of the subarachnoid hemorrhage

---

[1] Unless otherwise noted, the following background is drawn from the allegations of Plaintiff's FAC. The Court is not making any factual findings, but rather only summarizing the relevant facts alleged for purposes of evaluating Defendant's motion to dismiss.

located on his lower spine. (FAC ¶ 35.)

Plaintiff Jordan alleges Defendant was negligent by: (1) performing the lumbar puncture, which it would have known was unnecessary had it waited for D.M.'s blood work; (2) failing to properly sedate and restrain D.M. during the lumbar puncture; and (3) delaying in diagnosing and treating D.M.'s symptoms after the lumbar puncture. (FAC ¶ 41.) Plaintiff also claims that Defendant negligently caused her to suffer emotional distress as she observed the procedure take place. (FAC ¶ 42.) Jordan seeks damages on behalf of D.M. for past and future pain and suffering, mental anguish, loss of income, medical and attendant care expenses, etc. (FAC ¶ 44.) Jordan also seeks damages on behalf of herself for past and future suffering and mental anguish, medical, health care, and attendant care expenses for D.M. until his age of majority, and pecuniary damages. (FAC ¶ 45.)

## LEGAL STANDARD

### I. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). Dismissal is appropriate if the complaint fails to state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter complained of, or if the complaint lacks a cognizable legal theory under which relief may be granted. *Twombly*, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### II. Applicable Law

Under the FTCA, the United States may be held liable for the negligence of its agents or its employees. Liability is to be determined "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Tort actions under the FTCA are to be governed by the "law of the place." 28 U.S.C. §

1346(b); *Kangley v. United States*, 788 F.2d 533, 534 (9th Cir. 1986). Because the acts which are the subject of this action occurred in California, California law applies.

## DISCUSSION

Defendant argues that Plaintiff's claim for negligent infliction of emotional distress fails because Plaintiff failed to allege that she was contemporaneously aware that the lumbar puncture was causing injury to D.M. at the time she observed the procedure.

A plaintiff may recover damages for the emotional distress caused by observing the negligently inflicted injury of a third person, if the plaintiff:

> (1) is closely related to the injury victim; (2) is present at the scene of the injury producing event at the time it occurs and is then aware that it is causing injury to the victim; and (3) as a result suffers serious emotional distress—a reaction beyond that which would be anticipated in a disinterested witness and which is not an abnormal response to the circumstances.

*Thing v. La Chusa*, 48 Cal. 3d 644, 667-68 (1989).

Defendant acknowledges that Plaintiff sufficiently alleged that she is closely related to D.M., was present during the lumbar puncture procedure, and suffered severe emotional distress. (Mot. at 6.) However, Defendant contends that Plaintiff's allegations are insufficient to show that she was aware, at the time she observed the procedure, that the procedure was causing D.M. harm. Thus, only the second element is at issue here. Defendant relies on *Bird v. Saenz*, 28 Cal. 4th 910 (2002) and *Golstein v. Superior Court*, 223 Cal. App. 3d 1415 (1990). Those cases are distinguishable.

In *Golstein*, parents monitored their child while he underwent radiation treatment. 223 Cal. App. 3d at 1418. The child was overexposed to radiation, and suffered radiation poisoning and death. *Id.* The parents admitted that at the time of the treatment, they were not aware that their child was being overexposed. *Id.* The Court concluded that at the time the parents observed their child's treatment, they could not "experience a contemporaneous sensory awareness of the causal connection between the negligent conduct and the resulting injury." *Id.* at 1427.

In *Bird*, the court did not decide whether the plaintiff-bystanders could recover for negligent infliction of emotional distress until a motion for summary judgment had been filed. 28 Cal. 4th at 912. In addition, the plaintiffs did not witness the actual event that caused their mother's suffering. *Id.* at 916. Instead, they observed a number of surrounding circumstances and after-effects. *Id.* at 917.

Taking the facts alleged in the FAC as true, Plaintiff has adequately stated a claim for negligent infliction of emotional distress. Here, Plaintiff alleged that she watched through a window as the procedure was performed on her son. After requesting that D.M. be restrained or sedated, Plaintiff witnessed the resident doctor conduct multiple punctures while D.M. struggled and screamed without restraint or sedation. The facts alleged show that Plaintiff witnessed and was aware that her son was suffering harm as a result of the procedure. These facts are sufficient to support a reasonable expectation that discovery might reveal evidence of this matter. *See Twombly*, 550 U.S. at 556. Accordingly, the Court **DENIES** the motion.

## CONCLUSION

Defendant's Motion to Dismiss is **DENIED**. As this Motion was taken under submission (Docket No. 21), Defendant's Motion to Appear Telephonically (Docket No. 19) is **DENIED as moot**.

**IT IS SO ORDERED.**

Dated: January 11, 2016

Hon. Roger T. Benitez
United States District Judge

5

15-cv-1199