JESSICA PRIDE
CA Bar No. 249212
The Pride Law Firm
2534 State Street, Suite 411
San Diego, California  92101
Telephone: 619-516-8166
Facsimile: 619-422-1341

LAURIE HIGGINBOTHAM, *pro hac vice*
Texas State Bar Number:  50511759
TOM JACOB, *pro hac vice*
Texas State Bar Number: 24069981
Whitehurst, Harkness, Brees, Cheng, Alsaffar, & Higginbotham, PLLC
7500 Rialto Blvd., Bldg. Two, Ste. 250
Austin, Texas 78735
Telephone: 512-476-4346
Facsimile: 512-476-4400

Attorneys for Plaintiff
MADISON-RAE JORDAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADISON-RAE JORDAN, individually and as next friend of D.M., a minor,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendants. | Civil #: 3:15-cv-1199-BEN-NLS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date: May 15, 2017<br>Time: 10:30 a.m.<br>Judge: Hon. Roger T. Benitez<br>Courtroom: 5A (Schwartz Courthouse) |

1. The United States asserts several affirmative defenses that are either (a) lacking evidentiary support; or (b) foreclosed as a matter of law.

Memorandum in Support                                1                              No 3:15cv1199

2. The text of the various affirmative defenses is reproduced in Plaintiff's motion. For ease and due to redundancy of the affirmative defenses in Defendant's answer, this memorandum will group the following defenses for which there is no evidentiary support:

   a. **Comparative Fault:** Affirmative Defenses #8, #10, and #11 assert that Plaintiff was negligent and caused her own damages;

   b. **Third-Party Negligence**: Affirmative Defenses #9, #10, #12, and #13 assert that a third party was negligent and caused Plaintiff's damages;

   c. **Failure to Mitigate**: Affirmative Defense #15 asserts Plaintiff failed to mitigate her damages;

   d. **Issue Preclusion, Claim Preclusion, Payment, Release, Waiver, or Failure of Condition Precedent** (Affirmative Defense #16); and

   e. **Assumption of Risk**: Affirmative Defense #14 asserts that Plaintiff voluntarily assumed the risk of negligence;

3. To the extent that Defendant seeks to offset damages using Medi-Cal or similar Medicaid programs (affirmative defenses #22, #23, and #24), California substantive law requires judgment as a matter of law for Plaintiff.

## I. LEGAL STANDARD

4. This is a medical malpractice action against the United States under the Federal Tort Claims Act (FTCA). *See* 28 U.S.C. §§ 2671–80. The substantive law of the State of California governs this suit. 28 U.S.C. § 1346(b)(1).

5. Per the Court's order, fact and expert discovery closed on March 31, 2017. Document #36, Order Granting Joint Motion to Modify Scheduling Order (Aug. 15, 2016).

6. A court should grant summary judgment if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

## II. COMPARATIVE FAULT DEFENSES

7. The Defendant lacks evidence to support affirmative defenses #8, #10, and #11 that Plaintiff is responsible for her own damages.

8. Plaintiff sent Defendant a request for production asking for its evidence in support of these defenses.

> If you contend that any Plaintiff was negligent, or caused, or contributed to the injury or damages claimed by Plaintiffs in this lawsuit, please provide a true and correct copy of all evidence supporting such a contention. This request includes any evidence supporting your Affirmative Defenses #8, and #11

> contained in the United States' Answer to Plaintiffs First Amended Complaint.

Exhibit 1, Defendant's Response to Request for Production #28. Defendant responded that discovery was premature but "Defendant is not aware of any responsive documents not already produced." *Id.* Defendant has not supplemented.

9. Plaintiff asked Defendant in an interrogatory to identify any such evidence:

> If you contend that any Plaintiff caused or contributed to Plaintiffs' damages, as you do in your Affirmative Defenses #8, # 10, or # 11, please describe in detail when and how Plaintiffs caused and/or contributed to the injuries and/or damages of each Plaintiff and identify the facts and evidence you are using to support your contentions.

Exhibit 2, Defendant's Response to Interrogatory #11. Defendant responded discovery is premature but "Defendant is not aware of any responsive information at this time." *Id.* Defendant has not supplemented.

### III.   THIRD-PARTY NEGLIGENCE

10. Defendant lacks evidentiary support for Affirmative Defenses #9, #10, #12, and #13, which assert that some unknown negligent third-party caused Plaintiff's damages.

11. Plaintiff requested production of documents that support Defendant's contention that this unknown third-party caused Plaintiff's damages:

Memorandum in Support 4 No 3:15cv1199

> If you contend that any third person or entity was negligent, or caused, and/or contributed to the injury and/or damages claimed by Plaintiffs in this lawsuit, please provide a true and correct copy of all evidence that supports such contention. This request includes any evidence supporting your Affirmative Defenses #9, #12, and #13 contained in the United States' Answer to Plaintiffs' First Amended Complaint.

Exhibit 3, Defendant's Response to Request for Production #27. Defendant responded that discovery was premature but that "Defendant is not aware of any responsive documents not already produced." *Id.* Defendant has not supplemented.

12. Plaintiff asked Defendant to identify facts or evidence of third-party negligence:

> Please identify facts or evidence supporting your contentions that a third party is responsible for the damages at issue in the case, including any facts or evidence supporting your Affirmative Defenses #9, #12, and #13.

Exhibit 4, Defendant's Response to Interrogatory #16. Defendant responded discovery was premature, but that "Defendant is not aware of any responsive information at this time." *Id.* Defendant has not supplemented.

## IV.  FAILURE TO MITIGATE

13. Defendant lacks evidentiary support for its Affirmative Defense #15, which asserts Plaintiff failed to mitigate her damages.

14. Plaintiff asked Defendant to produce evidence support its contention that she failed to mitigate damages:

> If you contend that any Plaintiff failed to mitigate damages in this lawsuit, please provide a true and correct copy of all evidence that supports such contention. This request includes any evidence supporting your Affirmative Defense #15 contained in the United States' Answer to Plaintiffs First Amended Complaint.

Exhibit 5, Defendant's Response to Request for Production #29. Defendant objected that discovery was premature, but "Defendant is not aware of any responsive documents not already produced." *Id.* The United States has not supplemented.

15. Plaintiff asked the United States to identify evidence supporting its contention that Plaintiff failed to mitigate damages:

> If you contend that any Plaintiff failed to mitigate damages, as you state in your Affirmative Defense #15, please describe in detail each such instance of the failure to mitigate damages, the date of each such failure, and how Plaintiffs failure to mitigate damages caused and/or contributed to the injuries and/or damages of each Plaintiff and identify the facts and evidence you are using to support your contentions.

Exhibit 6, Defendant's Response to Interrogatory #9. Defendant objected that discovery was premature, but "Defendant is not aware of any responsive information at this time." *Id.* Defendant has not supplemented.

## V. ISSUE, CLAIM PRECLUSION, PAYMENT, RELEASE, WAIVER, OR FAILURE OF CONDITION PRECEDENT

16. In affirmative defense #16, Defendant raises issue and claim preclusion, payment, release, waiver, and a failure of a condition precedent. Defendant has no evidentiary support for this defense.

17. Plaintiff requested evidentiary support of Defendant's Affirmative Defense #16:

> All evidence supporting your Affirmative Defense #16 contained in the United States' Answer to Plaintiffs First Amended Complaint.

Exhibit 7, Defendant's Response to Request for Production #34. Defendant objected that discovery was premature, yet responded, "Defendant is not aware of any responsive documents not already produced." *Id.* The United States has not supplemented.

18. Plaintiff also requested any evidence of a failure to meet conditions precedent:

> Evidence supporting your contention, if any, that Plaintiffs have not performed all conditions precedent to filing suit, or that all conditions precedent for Plaintiffs to file suit have not occurred

Exhibit 8, Defendant's Response to Request for Production #2. Defendant lodged the following response to this request:

> Defendant objects to Request for Production # 2. The phrase "conditions precedent" is ambiguous. The United States interprets that phrase to mean all actions that must be taken pursuant to the Federal Tort Claims Act before a federal district court would have jurisdiction to entertain a lawsuit against the United States. Subject to the foregoing objection and without waiving same, the United States responds as follows:
>
> Defendant is not aware of any responsive documents not already produced.

*Id*. Defendant has not supplemented.

19.   Plaintiff sent an interrogatory asking the United States to identify any conditions precedent that Plaintiff failed to meet:

> If you contend that Plaintiff did not meet one or more procedural, jurisdictional or administrative prerequisite for filing suit under the Federal Tort Claims Act, please state which procedural, jurisdictional, and/or administrative prerequisites were not met, and state all facts and reasons supporting this contention.

Exhibit 9, Defendant's Response to Interrogatory #2. Defendant responded that this request was premature, but "Defendant is not aware of any procedural, jurisdictional and/or administrative prerequisites which were not met at this time."

*Id*. Defendant has not supplemented.

## VI.   ASSUMPTION OF RISK

20.   In affirmative defense #14, Defendant alleges that Plaintiff and her son voluntarily assumed the risk of Defendant's negligence.

### A. The United States lacks evidentiary support

21. Plaintiff requested Defendant produce evidentiary support for this contention:

> All evidence supporting your contention that Plaintiffs had knowledge or voluntarily assumed the risk of the injuries or damages at issue in this lawsuit. This request includes any evidence supporting your Affirmative Defense #14 contained in the United States' Answer to Plaintiffs First Amended Complaint.

Exhibit 10, Defendant's Response to Request for Production #33. Defendant objected that discovery was premature, but "Defendant is not aware of any responsive documents not already produced." *Id.* Defendant has not supplemented.

22. Plaintiff asked Defendant to identify any evidentiary support:

> Please identify facts or evidence supporting your Affirmative Defense #14, that Plaintiffs had "knowledge of and voluntarily assumed the risk of all that transpired."

Exhibit 11, Defendant's Response to Interrogatory #15. Defendant objected that discovery was premature, but stated:

> The risks and benefits of the lumbar puncture performed on D.M. was discussed with Ms. Torres[1] [*sic*] and she signed a consent form, as indicated at Jordan-D-00513

---

[1] Plaintiff does not know who Mrs. Torres is nor is there a Mrs. Torres in this case. Plaintiff assumes the United States refers to D.M.'s mother, Madison-Rae Jordan.

Memorandum in Support          9          No 3:15cv1199

and Jordan-D-00516.

*Id.* Defendant has not supplemented.

**B.     The only documents cited by the U.S. are not support**

23.   In its discovery response, Defendant cites Jordan-D-00513 and Jordan-D-00516. Both are attached as Exhibit 12. Document 00513 is not a consent form. Document 00516 warns only of:

> The risks include, but are not limited to a positional headache after the procedure, short term leg tingling and numbness, infection, bleeding and failure of the procedure to obtain the needed fluid.

*Id.* This consent form does not mention that a risk of the procedure is negligence.[2] It does not mention that negligent failure to diagnose after the fact is a risk of the procedure.

24.   Nor could it. A party cannot consent to negligent medical care. *E.g.*, *Schwartz v. Johnson*, 49 A.3d 359, 372 (Md. 2012). As the California Supreme Court explained:

> Although a patient who undergoes elective surgery is aware that inherent in such an operation is the risk of injury in the event the surgeon is negligent, the patient, by voluntarily encountering such a risk, does not

---

[2] Plaintiff does not allege lack of informed consent.

Memorandum in Support                              10                                    No 3:15cv1199

"impliedly consent" to negligently inflicted injury or "impliedly agree" to excuse the surgeon from a normal duty of care, but rather justifiably expects that the surgeon will be liable in the event of medical malpractice.

25. *Knight v. Jewett*, 834 P.2d 696, 705–06 (Cal. 1992). Indeed, California narrowly construes assumption of risk and excludes medical malpractice from that construction. *Nalwa v. Cedar Fair, L.P.*, 290 P.3d 1158, 1163 (Cal. 2012) (citing *Knight* for the proposition that assumption of risk does not apply to medical negligence).

26. Just like a patient could not impliedly consent to medical malpractice, a patient could not expressly consent (nor did so in this case). In California, secondary assumption of risk has been subsumed by principles of comparative fault. *Gregory,* 331 P.3d at 183; *Knight v. Jewett*, 834 P.2d at 707. Defendant has already failed to produce evidence of comparative negligence. *See supra,* part II, Comparative Fault Defenses, at 3. Because it is an issue of comparative fault, we assume without deciding that Defendant breached its duty of negligence. The question is whether Plaintiff's voluntary engagement in an inherently risky activity contributed to her injury. *See Vine v. Bear Valley Ski Co.*, 118 Cal. App. 4th 577, 594 (2004) ("A central part of Knight's reasoning was that a plaintiff's voluntary assumption of the risks of a dangerous sport 'functions as a form of contributory negligence,'")

Memorandum in Support　　　　　　　　11　　　　　　　　No 3:15cv1199

27. Here, the Government takes the extreme position that D.M. and his mother consented to negligence. This doctrine applies to sports and other risky business, not run-of-the-mill medical care complicated by medical malpractice. No one goes to the doctor expecting to be torted.

## VII. MEDI-CAL PROGRAMS

28. Plaintiff is entitled to summary judgment as a matter of law on the issue of whether Medi-Cal or Medicaid type programs can offset damages in a medical malpractice case. California Civil Code § 3333.1 allows a court to consider, but does not mandate offsets, from certain sources (abrogating the traditional collateral source rule in California). *Hernandez v. Cal. Hosp. Med. Ctr.*, 93 Cal. Rptr. 2d 97, 101–02 (2000).

29. In *Hernandez*, the Court noted that payments from sources such as Medi-Cal "outside the scope of Civil Code section 3333.1." *Id.* at 102. Similarly, in *Brown v. Stewart*, 129 Cal. App. 3d 331, 340 (1982), the court decided that Medi-Cal "is not encompassed within the provisions of section 3333.1." In holding, the court noted that it was not the intent of the California legislature to bail out negligent health care providers using state funds. *Id.* at 341. Other courts in California have reached this same conclusion. *E.g.*, *Jhunjhnuwala v. Carillo*, No. B239528, 2013 WL 4430832, at *12 (Cal. App. 2013) ("[S]ection 3333.1 does not apply to payments

made on behalf of an injured party by Medi–Cal."); *Yee v. Tse*, No. B222570, 2011 WL 3964647, at *14 (Cal. App. 2011) (same); *Mongle v. Murrieta*, No. E033330, 2004 WL 844183, at *5 (Cal. App. 2004) (same).

## CONCLUSION

30. Plaintiff respectfully requests the Court grant partial summary judgment on Defendant's Affirmative Defenses #8, #9, #10, #11, #12, #13, #14, #15, #16, #22, #23, and #24.

Dated: April 13, 2017

By: /s/ *Laurie Higginbotham*
Laurie Higginbotham, *pro hac vice*
Texas State Bar Number: 50511759
lhigginbotham@nationaltriallaw.com

Tom Jacob, *pro hac vice*
Texas State Bar Number: 24069981
tjacob@nationaltriallaw.com

Jessica Pride
jpride@pridelawfirm.com

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5.4(c) and (d), a copy of this pleading as been sent to the following on April 13, 2017 via the Court's CM/ECF notice system.

> George V. Manahan
> Assistant U.S. Attorney
> Office of the U.S. Attorney
> 880 Front Street, Room 6293
> San Diego, CA 92101
> Tel: (619) 546-7176
> Fax: (619) 546-7751
> Email: george.manahan@usdoj.gov
> Attorneys for Defendant

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 13, 2017

> /s/ *Laurie Higginbotham*
> Attorney for the Plaintiffs