UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Madison-Rae Jordan, individually and as next friend of D.M., a minor,<br><br>Plaintiff,<br><br>v.<br><br>United States of America,<br><br>Defendant. | Case No.: 15cv1199 BEN (NLS)<br><br>**ORDER REGARDING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE NO. 1, GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER [Dkt. No. 48]** |

Plaintiff Madison-Rae Jordan filed this case individually and also as next friend of her son D.M., a minor (Plaintiff). She alleges a medical malpractice case against defendant United States of America based on the negligence of physicians at the Naval Hospital Camp Pendleton and the Naval Medical Center San Diego. In this discovery dispute the parties present a narrow issue for determination: whether a protective order should issue regarding the electronic Excel file of the USA's economic expert's report regarding the present value of future damages.

For the following reasons, the court **GRANTS** Defendant's motion for protective order of the Excel file.

///
///

1

**Relevant Background.**

Plaintiff deposed Defendant's economic expert, Heather Xitco, a forensic accountant and owner of Dolan Xitco Consulting Group. Xitco Decl. ¶ 1. Ms. Xitco used an Excel spreadsheet to formulate and determine the present value loss figures in this case. Xitco Decl. ¶ 3. During her deposition Ms. Xitco explained that she determined the present value of various components of the parties' life care plans by using the present value formula function in Excel. Jt. Mtn., p.2. Then she input the cost of the item, the time frame the item required, and the net discount rate. *Id.*

The parties agree that Defendant will produce the electronic Excel file after certain metadata is removed. Defendant seeks a protective order over only the electronic file, based on its expert's belief that the electronic file contains proprietary components. Specifically, Ms. Xitco asserts that the "unique attributes [of the report]…were created solely for my firms [*sic*] benefit and …brand: font style, font size, print layout, formatting, schedule organization, schedule linking." Xitco Decl. ¶ 4. She believes that producing an electronic copy of this information could cause economic harm to her business because "[p]roviding the information would allow a competitor to copy our 'brand' and would be detrimental to our practice." Xitco Decl. ¶ 5.

There is no dispute that a hard copy of the file or a hard copy of the list of formulas used for the calculations can be publicly available and not subject to a protective order. *See* Ex. 3. The only issue for the court to decide is whether the public—whether it be a reporter or future or collateral litigants—has a right to an electronic copy of the expert's Excel file. To answer that question, the court must determine that either Plaintiff or her counsel has standing to assert that right on behalf of the public, and that a hard copy of the Excel file is insufficient to satisfy any right that may exist.

**Discussion.**

**1. Legal Standard Regarding Protective Orders.**

A court may issue a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be

2

revealed only in a specified way[.]" Fed. R. Civ. P. 26(c)(1)(G).  The burden of proof for a protective order is on the moving party to make a clear showing of particular and specific need for the protective order. *See Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).[1]  Here, Defendant asserts that its expert's Excel file contains unique attributes that comprise part of her company's brand, and that the concern is a competitor could easily copy the Excel file and the brand, which would cause economic harm to her business. *See* Xitco Declaration.

The court finds that this is an adequate assertion of a trade secret or other confidential research, development, or commercial information for the purpose of discovery. Absent one of Plaintiff's competing concerns addressed below, the electronic file should be produced subject to a protective order.

**2. Access to Judicial Records.**

Plaintiff argues that the presumption of a public right to access and inspect judicial records is paramount here. In support, she cites to a Ninth Circuit case that says the "right is justified by the interest of citizens in keeping a watchful eye on the workings of public agencies." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotations omitted). The case goes on to identify two categories of documents to which the public presumption does not apply: "grand jury transcripts and warrant materials in the midst of a pre-indictment investigation." *Id.*

---

[1] The information at issue here does not belong to the Defendant but rather to a nonparty. While this information was not subpoenaed, a Rule 45 analysis could also be relevant. To resist third party discovery that requires "disclosing a trade secret or other confidential research, development, or other commercial information," the nonparty must first show that the requested information is protected as a trade secret or confidential commercial information. Fed. R. Civ. Proc. 45(d)(3)(B); *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 684 (N.D. Cal. 2006). Then, "the burden shifts to the requesting party to show a 'substantial need for the testimony or material that cannot be otherwise met without the undue hardship[.]'" *Gonzales*, 234 F.R.D. at 684.

3

Here, Plaintiff asserts a public interest over the electronic record of an expert's private business information. The business information at stake—namely, the expert's brand—is not an official record that displays the workings of a government agency. While *Kamakana* affirmed the unsealing of Honolulu's city and county police records that were sealed in an underlying whistleblower case, it noted that the public's interest in unsealing records is outweighed if the disclosure would "release trade secrets." *Id.* at 1179.

Further, the presumption of public access does not apply to discovery, which under the common law "are not public components of a civil trial." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984). Specifically,

> Much of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action. Therefore, restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information.

*Id.*

In sum, the court finds that the Excel file belonging to the expert's private company is not the type of government document contemplated to be produced under *Kamakana*. And even if it could be considered such a government document, it would be entitled to public access because it contains the proprietary business information of a private, nonparty witness.

**3. Collateral Litigation.**

Plaintiff argues that the public has a right to the Excel file so that "collateral litigants or future litigants" can use it in their own lawsuits. Jt. Mtn., p.7. The court notes that Plaintiff does not complain that by failing to produce the electronic file for public use, Defendant, or Ms. Xitco, has in some way failed to comply with the expert disclosure requirements of Rule 26(a)(2). She does not complain that her ability to litigate this case will be impaired by not having the electronic file available to the public and only having the hard copy available.

4

As a threshold matter, any party may move to compel another party to make the disclosures required under Rule 26(a). Fed. R. Civ. P. 37(a)(3)(A); *Payne v. Exxon Corp.*, 121 F. 3d 503, 510 (9th Cir. 1997). But Plaintiff herself has no basis to move to compel the production of the Excel file because she already has access to it. Instead, she asserts rights on behalf of a reporter or "collateral litigants or future litigants to collect this data for use in their own lawsuits." Jt. Mtn., p.7. In support, she cites to a Ninth Circuit case that "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003).

There is no collateral litigation going on here, as was the case in *Foltz*. And if there was collateral litigation, it is the collateral litigants—and not the original litigants—who have standing to move to intervene and unseal the information. *See id.* (granting private intervenors' motion to unseal documents in an underlying litigation). Further, *Foltz* says nothing about the rights of future, unidentified litigants.

In sum, Plaintiff has no standing to assert rights on behalf of unidentified future or collateral litigants. Any collateral litigant would have the ability to move to intervene in this case and file a motion to lift the protective order on the Excel file.

**4. First Amendment Rights.**

Plaintiff argues that she has the first amendment right to send an electronic copy of the Excel file to a reporter who would want to examine the Excel file. But "[a] litigant has no First Amendment right of access to information made available only for purposes of trying his suit." *Seattle Times*, 467 U.S. at 32. Plaintiff offers no explanation for how her first amendment right to free speech would be impaired if she was limited to sending only a hard copy of the expert's report and list of Excel formulas to a reporter.

If a reporter wanted to seek the electronic file, the reporter—much like the newspaper in *Kamakana*—could move to intervene and ask the court to unseal the Excel file. The court finds that a hard copy of the report and formulas is sufficient to satisfy Plaintiff's first amendment rights.

5

**Order.**

The court **GRANTS** Defendant's motion for the protective order attached as Exhibit 1. Even though Plaintiff did not suggest any edits to the protective order, the court **ORDERS** that it provide—as Defendant offered—that the Excel file be retained by Defendant for two years following the final disposition of this action.

The proposed protective order must be lodged with chambers via email in Word format by **May 25, 2017**.

**IT IS SO ORDERED.**

Dated: May 22, 2017

Hon. Nita L. Stormes
United States Magistrate Judge