### IN THE UNITED STATES DISTRICT COURT FOR THE
### SOUTHERN DISTRICT OF CALIFORNIA

**Madison-Rae Jordan,**
**individually and as next friend**
**of D.M., a minor**

**Plaintiffs,**

**v.**                    **Civil Action No. 3:15-cv-01199-BEN-NLS**

**UNITED STATES OF AMERICA,**

**Defendant.**

### STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE
### FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

It is hereby stipulated by and between the undersigned Plaintiffs (meaning any person, other than the defendant, the parties' attorneys, and the settlement broker, signing this agreement waiving and releasing claims, whether or not a party to this civil action), and the Defendant, United States of America, including its agents, servants, and employees (hereinafter "United States"), collectively, "the parties," by and through their respective attorneys, as follows:

1.   The parties to this Stipulation for Compromise Settlement and Release (hereinafter "Stipulation") do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, including claims for wrongful death, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation.

2.   This Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the Plaintiffs.   This settlement is entered into by

*Jordan v. United States,* Civil Action No. 3:15-cv-01199-BEN-NLS
Stipulation for Compromise Settlement and Release
(Sept 11, 2017)

Page **1** of **21**

all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3. In consideration for the Plaintiffs' agreement to accept the terms and conditions of this settlement, the United States agrees to pay the cash sums set forth below in Paragraph 3.a., to purchase the annuity contract described below in Paragraph 3.b., and to establish the Irrevocable Reversionary Inter Vivos Grantor Medical Care Trust for the Benefit of D█████ ████████ M███ (hereinafter "Reversionary Trust") described below in Paragraph 3.c.

a. Within three business days after counsel for the United States receives (1) this Stipulation signed by all parties to said document; (2) the Reversionary Trust signed by all parties to said document; (3) the Social Security numbers or tax identification numbers of Plaintiffs and their attorneys; (4) court Order(s) approving the settlement on behalf of minors D████ ████ ████████ M███, and K████ ████ J████; and (5) an authorization by the Attorney General or his designee to conclude negotiations and to consummate the settlement, counsel for the United States will send a formal request to the United States Department of the Treasury requesting that the sum of Three Million Dollars ($3,000,000.00) (hereinafter "Settlement Amount") be expeditiously sent by electronic funds transfer ("EFT") to the JMW Settlements, Inc. (hereinafter "JMW") Client Trust Account. Within five business days after JMW has received the Settlement Amount and the birth certificate and social security card of D████ ████████ M███, JMW agrees to distribute the Settlement Amount, as provided below in subparagraphs 3.a.(1), and 3.a.(2).

(1) A check in the amount of One Million Seven Hundred Thousand ($1,700,000.00) (hereinafter "Upfront Cash") made payable to Madison-Rae Jordan, D████ ████████ M███, K████ ████ J████, and Whitehurst, Harkness, Brees, Cheng, Alsaffar, Higginbotham, & Jacob

*Jordan v. United States,* Civil Action No. 3:15-cv-01199-BEN-NLS
Stipulation for Compromise Settlement and Release
(Sept 11, 2017)
Page **2** of **21**

PLLC, and delivered to the United States Attorney's Office for the Southern District of California to hold until Plaintiffs have obtained an Order from the United States District Court for the Southern District of California dismissing this action in its entirety with prejudice, with each party to bear its own costs, expenses, and fees, and expressly not retaining jurisdiction over the above-captioned action, this settlement, or the United States.   Upon entry of said Order, the United States will tender said check to Plaintiffs' attorney.

With respect to the payment of the Upfront Cash, Plaintiffs stipulate and agree that the United States will not sign an annuity application form, a uniform qualified settlement form, or any equivalent such forms, and that the United States will not pay the Upfront Cash into a qualified settlement fund or an equivalent fund or account.   Plaintiffs further stipulate and agree that they, their attorney(s), any Guardian Ad Litem, and their representatives (including any structured settlement annuity broker, regardless of whether said broker was retained by them or by someone else, either before, during, or after the settlement) will not attempt to structure the Upfront Cash in any way, form, or manner, including by placing any of the Upfront Cash into any qualified settlement fund or its equivalent.   However, nothing in this Paragraph 3.a.(1) precludes the Plaintiffs from purchasing non-qualifying annuities after the Plaintiffs have cashed the Upfront Cash settlement check, but they agree that they will not represent to any person, entity, or agency that they are purchasing qualified structured settlement annuities and they agree they will not attempt to purchase such annuities.

Plaintiffs agree to endorse the Upfront Cash check over to their attorney to be deposited in their attorney's client trust account to facilitate the disbursement of the Upfront Cash as authorized by the approving court.

*Jordan v. United States,* Civil Action No. 3:15-cv-01199-BEN-NLS
Stipulation for Compromise Settlement and Release
(Sept 11, 2017)
Page **3** of **21**

(2) For the funding of the Reversionary Trust described below in Paragraph 3.c., the sum of One Million Three Hundred Thousand Dollars ($1,300,000.00) (hereinafter "Trust Funding Amount") shall be distributed by JMW as follows:

   i.  Pay to an annuity company(ies), rated at least A by A.M. Best rating service, the sum of One Million One Hundred Thousand Dollars ($1,100,000.00) to purchase the installment refund annuity contract described in paragraph 3.b.(1) below.

   ii.  Pay to the Reversionary Trust, the sum of Two Hundred Thousand Dollars ($200,000.00).

The parties agree that any attorneys' fees owed by the Plaintiffs in their Federal Tort Claims Act suit against the United States shall not exceed twenty-five percent (25%) of the Settlement Amount. 28 U.S.C. § 2678. The parties further agree that any such attorneys' fees, along with Plaintiffs' costs and expenses of this action against the United States and their costs, expenses, and fees (including all fees of any legal Guardian Ad Litem) associated with obtaining court approval of this settlement on behalf of the minor Plaintiffs, shall be paid out of the Upfront Cash paid pursuant to paragraph 3.a.(1) above, and not in addition thereto. The Plaintiffs agree to pay all the costs, expenses, and Guardian Ad Litem fees associated with obtaining court approval of the settlement on behalf of the minor Plaintiffs. The parties agree that any fees, including fees of any legal Guardian Ad Litem, incurred in providing legal services in this matter and in any court proceedings reviewing the settlement for approval purposes shall be considered attorneys' fees and not costs, and shall be subject to the provisions of 28 U.S.C. § 2678.

The Plaintiffs stipulate and agree that they are legally responsible for any and all past, present, and future liens and past, present, and future claims for payment or reimbursement, including any past, present, and future liens or claims for payment or reimbursement by any

*Jordan v. United States,* Civil Action No. 3:15-cv-01199-BEN-NLS
Stipulation for Compromise Settlement and Release
(Sept 11, 2017)
          Page **4** of **21**

individual or entity, including an insurance company, Medicaid, and Medicare, but excluding Tricare, arising from the injuries that are the subject matter of this action.   The Plaintiffs stipulate and agree that they will satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any such individual or entity.   The Plaintiffs and their attorney represent that, as of the date they sign this Stipulation, they have made a diligent search and effort to determine the identity of any individual or entity that has or may have a lien or a claim for payment or reimbursement arising from the injuries that are the subject matter of this action.   The Plaintiffs agree that, no later than thirty (30) days from the date any past, present, or future lien or claim for payment or reimbursement is paid or resolved by the Plaintiffs, they will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder or Plaintiff has waived and released such lien or claim.   The evidence required by the terms of this Paragraph may be satisfied by a letter from Plaintiffs' attorney representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder or Plaintiff has waived and released such lien and claim.

b. Based on the following terms and conditions, the United States will purchase the following annuity contract:

(1) An installment refund annuity contract to pay to the Reversionary Trust the sum of $1,625.85 per month, increasing at 3% compounded annually, beginning one month from the date of purchase of the annuity and continuing for the life of D█████ ██████████ M███ and the installment refund period.   In the event the cost of the annuity contract has either increased or decreased by the date of purchase, the monthly annuity payments set forth above shall be adjusted upward or downward to ensure that that the premium cost of the annuity contract is equal to $1,100,000.00 and not more or less than that amount.   The monthly annuity payments are based

*Jordan v. United States,* Civil Action No. 3:15-cv-01199-BEN-NLS
Stipulation for Compromise Settlement and Release
(Sept 11, 2017)
Page **5** of **21**

upon the date of birth of ███████████, that was provided by the Plaintiffs.   If the date of birth is otherwise, the monthly annuity payments will be adjusted accordingly.   Upon the death of D████ ████████ M████, any installment refund period payments remaining shall be paid to the United States Department of the Treasury and sent to the Torts Branch, Civil Division, United States Department of Justice, P.O. Box 888, Benjamin Franklin Station, Washington D.C. 20044, or, upon written notice, any subsequent change of address.

(2) The annuity contract being purchased pursuant to this Paragraph 3.b. will be owned solely and exclusively by the United States and will be purchased through JMW as specified above in Paragraph 3.a.   The parties stipulate and agree that the United States' only obligation with respect to an annuity contract and any annuity payments therefrom is to purchase said contract, and they further agree that the United States does not guarantee or insure any of the annuity payments.   The parties further stipulate and agree that the United States is released from any and all obligations with respect to an annuity contract and annuity payments upon the purchase of said contract.

(3)   The parties stipulate and agree that the annuity company that issues an annuity contract shall, at all times, have the sole obligation for making all annuity payments.   The obligation of the annuity company to make each annuity payment shall be discharged upon the mailing of a valid check in the amount of such payment to the address designated by the party to whom the payment is required to be made under this Stipulation.   Payments lost or delayed through no fault of the annuity company shall be promptly replaced by the annuity company, but the annuity company is not liable for interest during the interim.

(4)   The parties stipulate and agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties, that no part of any annuity payments

*Jordan v. United States,* Civil Action No. 3:15-cv-01199-BEN-NLS
Stipulation for Compromise Settlement and Release
(Sept 11, 2017)
Page **6** of **21**

called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner, and that the Plaintiffs shall not have the power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

(5)   Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns do hereby agree to maintain with the annuity company and the United States a current mailing address for each payee and to notify the annuity company and the United States of the death of any payee within ten (10) days of death.   Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns do hereby further agree to provide a certified death certificate within thirty (30) days of death of any payee.

c.   The United States will establish, as the Grantor, the Reversionary Trust on the following terms and conditions:

(1)   The parties agree to the terms, conditions, and requirements of the Reversionary Trust, a copy of which is attached hereto and incorporated by reference.

(2)   Plaintiffs and Plaintiffs' successors, assigns, guardians, and guardians ad litem, if any, agree that the Trust Beneficiary and anyone acting on behalf of the Trust Beneficiary has the duty and responsibility to cooperate with the Administrator and Trustee of the Trust to the extent the Administrator and the Trustee determine that the Beneficiary's cooperation is necessary or useful for them to carry out their respective duties and responsibilities. Plaintiffs and Plaintiffs' successors, assigns, guardians, and guardians ad litem, if any, further agree that the Beneficiary has the duty and responsibility to: submit requests for payment of allowable benefits as required by the Trust; provide signatures, authorizations, documentation, or information necessary for the carrying out of the terms of the Trust; identify other sources of payments or benefits; apply to other

*Jordan v. United States,* Civil Action No. 3:15-cv-01199-BEN-NLS
Stipulation for Compromise Settlement and Release
(Sept 11, 2017)
Page **7** of **21**

sources of payments or benefits for coverage; to assist the Administrator and Trustee in obtaining payments or reimbursement from other sources of payments or benefits; and transmit to the Trust Estate any amount received by (or on behalf of the Beneficiary) from another source of payments or benefits in reimbursement for, or payment of, an expense that has been paid or will be paid from the Trust Estate. The parties agree that the failure of the Beneficiary to comply with these duties may result in the denial, in whole or part, of payments from the trust estate, depending on the terms of the Reversionary Trust.

(3)   Plaintiffs and Plaintiffs' heirs, executors, administrators, and assigns shall maintain with the administrator, the trustee, and the United States a current mailing address, and shall notify the administrator, the trustee, and the United States of any event upon which the right of payments from the trust estate may depend, including the death of D██████ ████████ M███, within ten (10) days of the date of such event, and shall provide the administrator, the trustee, and the United States with a certified death certificate within thirty (30) days of the death of D██████ ████████ M███.

(4)   Upon the death of D███ ████████ M███, the trustee shall, to the extent authorized by the terms of said Reversionary Trust, pay allowable charges, expenses, and benefits, and liquidate and distribute the remaining trust estate to the United States by check made payable to the United States Treasury and sent to the Torts Branch, Civil Division, United States Department of Justice, P.O. Box 888, Benjamin Franklin Station, Washington D.C. 20044, or, upon written notice, any subsequent change of address.

4.   Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns hereby accept the sums set forth above in Paragraph 3.a, the purchase of the annuity contract set forth above in Paragraph 3.b, and the establishment of the Reversionary Trust set forth above in

*Jordan v. United States,* Civil Action No. 3:15-cv-01199-BEN-NLS
Stipulation for Compromise Settlement and Release
(Sept 11, 2017)
Page **8** of **21**

Paragraph 3.c., in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of any kind, whether known or unknown, including any future claims for survival or wrongful death, and any claims for fees, interest, costs, and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, including the death of D███  ████████  M███, or damage to property, and the consequences thereof, which the Plaintiffs or their heirs, executors, administrators, or assigns may have or hereafter acquire against the United States on account of the subject matter of that gave rise to the above-captioned action.

Plaintiffs, on behalf of themselves, their respective heirs, executors, administrators, assigns, predecessors and successors in interest, do hereby, for good and valuable consideration, the receipt of which is hereby acknowledged, release and forever discharge the United States, and its respective officials, agencies, representatives, officers, employees, agents, assigns and attorneys, from any and all claims, demands, rights, causes of actions, liens, and all other liabilities whatsoever, whether known or unknown, suspected or unsuspected, that Plaintiffs have had, now have or hereafter may have with respect to the same subject matter that gave rise to the above-captioned action, as well as claims relating to or arising out of the subject matter that gave rise to the above-captioned action that could have been but were not alleged in this action.

As to the subject matter that gave rise to the above-captioned action, Plaintiffs expressly waive any and all rights under Section 1542 of the Civil Code of the State of California, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

*Jordan v. United States,* Civil Action No. 3:15-cv-01199-BEN-NLS
Stipulation for Compromise Settlement and Release
(Sept 11, 2017)
Page **9** of **21**

The provisions of all comparable, equivalent, or similar statutes and principles of common law of California, of the other states of the United States, and of the United States are also hereby expressly waived by Plaintiffs.

In connection with such waiver and relinquishment, Plaintiffs acknowledge that they are aware that they may hereafter discover claims presently unknown or unsuspected or facts in addition to or different from those that they now know or believe to be true, with respect to the released claims.   Nevertheless, it is the intention of Plaintiffs through this release, and with the advice of counsel, to fully, finally and forever settle and release all such matters, and all claims relative thereto, which heretofore have existed, now exist, or hereafter may exist between the Plaintiffs on the one hand, and the United States on the other.   In furtherance of such intention, this release shall be and remain in effect as a full and complete release of such matters, notwithstanding the discovery or existence of any such additional or different claims or facts relating thereto.

Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns further agree to reimburse, indemnify, and hold harmless the United States from and against any and all claims, causes of action, liens, rights, or subrogated or contribution interests (whether such claims, causes of action, liens, rights, subrogated interests, or contribution interests sound in tort, contract, or statute) incident to, or resulting or arising from, the acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death.

Plaintiffs and their attorneys stipulate and agree that the Plaintiffs, by and through their attorney, will satisfy or resolve any and all known claims for payment or reimbursement and any and all known liens asserted by any individual or entity before distributing to the Plaintiffs any portion of the Upfront Cash paid pursuant to Paragraph 3.a.(1) above.   The Plaintiffs and their

*Jordan v. United States,* Civil Action No. 3:15-cv-01199-BEN-NLS
Stipulation for Compromise Settlement and Release
(Sept 11, 2017)
Page **10** of **21**

attorneys further agree that, no later than ninety (90) days from the date the United States has paid the Settlement Amount, Plaintiffs' attorney shall provide to the United States evidence that each known claim or lien has been satisfied or resolved and that all lienholders and claimholders have waived and released all such liens and claims.   The evidence required by the terms of this paragraph may be satisfied by a letter from Plaintiffs' attorney representing to counsel for the United States that each such lien or claim has been satisfied or resolved and that all lienholders and claimholders have waived and released such liens and claims.

5.   This compromise settlement is specifically subject to each of the following conditions:

a. The Attorney General or the Attorney General's designee must approve the terms and conditions of the settlement and authorize the attorney representing the United States to consummate a settlement for the amount and upon the terms and conditions agreed upon by the parties, as set forth in this Stipulation and the Reversionary Trust.

b. The parties must agree in writing to the terms, conditions, and requirements of this Stipulation and the Reversionary Trust.   The parties stipulate and agree that the Stipulation and the compromise settlement are null and void in the event the parties cannot agree on the terms, conditions, and requirements of this Stipulation or the Reversionary Trust.   The terms, conditions, and requirements of this Stipulation and Reversionary Trust are not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement renders the entire Stipulation and the compromise settlement null and void.   The parties must agree to the terms, conditions, and requirements of this Stipulation and the Reversionary Trust before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee.

*Jordan v. United States,* Civil Action No. 3:15-cv-01199-BEN-NLS
Stipulation for Compromise Settlement and Release
(Sept 11, 2017)
Page **11** of **21**

c.    D███ ████████ M███ must be alive at the time the Reversionary Trust described in Paragraph 3.c. is deemed established, as defined in Article V of the Reversionary Trust and at the time the annuity contract described above in Paragraph 3.b. is purchased.   In the event of the event of the death of D███ ████████ M███ prior to the date the Reversionary Trust is deemed established or said annuity contract is purchased, the entire Stipulation and compromise settlement are null and void.

d.    Plaintiffs must obtain, at their expense, approval of the settlement by a court of competent jurisdiction on behalf of D███ ████████ M███, and K███ ████ J███, minors.   Because the United States District Court for the Southern District of California does not have subject matter jurisdiction over K███ ███ J███, a minor, because she has not exhausted her administrative remedies under the Federal Tort Claims Act (28 U.S.C. § 2675), the Plaintiffs must obtain such court approval from a state court that has jurisdiction over said minor.   The terms of any such court Orders, a draft of which shall be provided by the United States, are a condition of this settlement.   Plaintiffs agree to obtain such approvals in a timely manner: time being of the essence.   Plaintiffs further agree that the United States may void this settlement at its option in the event such approvals are not obtained in a timely manner.   In the event Plaintiffs fail to obtain such court approvals, the entire Stipulation and the compromise settlement are null and void.   The Plaintiffs must obtain such court Orders before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee.

e.    Plaintiffs must provide the United States with a complete set of the **extant** medical records of D███ ████████ M███ (including any independent medical examinations conducted for purposes of this litigation, any and all clinic visits, whether for routine checkups or for treatment and care for any medical condition, injury, disease, etc., any and all hospital and

*Jordan v. United States,* Civil Action No. 3:15-cv-01199-BEN-NLS
Stipulation for Compromise Settlement and Release
(Sept 11, 2017)
Page **12** of **21**

emergency room records, and any records of any diagnostic testing) for the 36-month period prior to the date the Plaintiffs sign this Stipulation.   The Plaintiffs must provide all such **extant** medical records for said 36-month period before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee.   As of the date they sign this Stipulation, Plaintiffs and their attorneys represent that they have conducted a due diligence search of all files, records, documents, and information in their possession or available to them, and that, after having conducted said due diligence search, they are unaware of, and have no knowledge of, any such extant medical records that were not previously been produced to the United States by the Plaintiffs.   In the event said records and reports reveal that D███  ████ ████  M████  had or has any such potentially life-threatening or life-shortening diseases or illnesses not caused by the medical care at issue in this action, the United States reserves the right to elect not to consummate the settlement and upon such election by the United States the entire settlement is null and void.

f.   Plaintiffs must obtain a release and waiver of any claim or cause of action (whether sounding in tort, contract, statute, or otherwise) that any alleged tortfeasor, if any, has or may have in the future against the United States arising out of the subject matter of the above-captioned action.   This condition is for the benefit of the United States exclusively.   The United States will provide the form of Release and Waiver, or any changes to the form required by the United States, to be used by the Plaintiffs in obtaining a Release and Waiver from any alleged tortfeasor.   Before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee, the Plaintiffs must provide the United States with either (i) all such releases and waivers required by this Paragraph 5.f., or (ii) a written representation by Plaintiffs' attorney stating that, after a diligent search of counsel's law firms' records and files,

*Jordan v. United States,* Civil Action No. 3:15-cv-01199-BEN-NLS
Stipulation for Compromise Settlement and Release
(Sept 11, 2017)
Page **13** of **21**

including expert and consultant reports, and of the Plaintiffs' records and files, the Plaintiffs and their attorney are unaware of any such potential tortfeasor.

g.    In the event there are any currently known liens or claims for payment or reimbursement, including any liens or claims by Medicaid (including the State of California or any other state) or Medicare, but not including Tricare, arising out of the subject matter that gave rise to the above-captioned action, whether disputed as legally valid or not, Plaintiffs must obtain a release and waiver from any State, private entity, or private individual who claims to have such lien or claim.   For purposes of this Stipulation, such lien or claim includes, but is not limited to, a claim or cause of action for reimbursement for any payments made to or on behalf of the Plaintiffs or a claim or cause of action for reimbursement for any goods or services provided or furnished to or on behalf of the Plaintiffs.   The Plaintiffs must obtain such release and waiver before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee.   The Plaintiffs and their attorneys agree that, no later than thirty (30) days from the date any past, present, or future lien or claim for payment or reimbursement is paid or resolved by the plaintiffs, they will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder or claimant has waived and released such lien or claim.   The evidence required by the terms of this paragraph may be satisfied by a letter from the plaintiffs' attorneys representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder or claimant has waived and released such lien and claim.

h.    The United States District Court for the Southern District of California must dismiss this action in its entirety with prejudice, with each side bearing its own costs, expenses, and fees,

*Jordan v. United States,* Civil Action No. 3:15-cv-01199-BEN-NLS
Stipulation for Compromise Settlement and Release
(Sept 11, 2017)
Page **14** of **21**

and with the District Court not retaining jurisdiction over the above-captioned action, this settlement, or the United States.

6.    The parties agree that this Stipulation and the Reversionary Trust, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the Plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

7.    Compliance with all applicable Federal, state, and local tax requirements shall be the sole responsibility of Plaintiffs.   This Stipulation is executed without reliance upon any representation by Defendant as to tax consequences, and Plaintiffs are responsible for the payment of all taxes that may be associated with the settlement.   Further, nothing in this Stipulation waives or modifies Federal, state, or local laws pertaining to taxes, offsets, levies, and liens that may apply to this Stipulation or the Settlement Amount proceeds, and Plaintiffs acknowledge that the settlement may be subject to taxes, offsets, levies, and liens and they further acknowledge that this Stipulation is executed without reliance on any representation by Defendant as to the application of any such law.

8.    Plaintiffs represent that they have read, reviewed and understand this Stipulation and the Reversionary Trust, and that they are fully authorized to enter into the terms and conditions of this agreement and that they agree to be bound thereby.   Plaintiffs further acknowledge that they enter into this Stipulation and the Reversionary Trust freely and voluntarily.   Plaintiffs further acknowledge that they have had sufficient opportunity to discuss this Stipulation and the Reversionary Trust with their attorney, who has explained the documents to Plaintiffs and that Plaintiffs understand all of the terms and conditions of this Stipulation and the Reversionary Trust.

*Jordan v. United States,* Civil Action No. 3:15-cv-01199-BEN-NLS
Stipulation for Compromise Settlement and Release
(Sept 11, 2017)
Page **15** of **21**

9.   It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party.   All such counterparts and signature pages, together, shall be deemed to be one document.

**WHEREAS,** the parties accept the terms of this Stipulation for Compromise Settlement and Release as of the dates written below:

Executed this_____day of_____, 2017.
UNITED STATES OF AMERICA


By:   _____
         Attorney for Defendant,
         United States of America



Executed this_____day of_____, 2017.
JMW SETTLEMENTS, INC.


By:   _____
         James P. Klapps
         JMW Settlements, Inc.
         Structured Settlement Broker

*Jordan v. United States,* Civil Action No. 3:15-cv-01199-BEN-NLS
Stipulation for Compromise Settlement and Release
(Sept 11, 2017)
                                        Page **16** of **21**

Executed this_____day of_____, 2017.
WHITEHURST, HARKNESS, BREES, CHENG, ALSAFFAR & HIGGINBOTHAM
ATTORNEYS FOR PLAINTIFFS


By:   _____
        Laurie Higginbotham, Esq.
        Whitehurst, Harkness, Brees, Cheng, Alsaffar & Higginbotham
        Attorney for D███████ ██████████ M█████, a minor, and Madison-Rae Jordan

*Jordan v. United States,* Civil Action No. 3:15-cv-01199-BEN-NLS
Stipulation for Compromise Settlement and Release
(Sept 11, 2017)
                                        Page **17** of **21**

Executed this_____day of_____, 2017.

THE PRIDE LAW FIRM

ATTORNEYS FOR PLAINTIFFS


By: _____

      Jessica Klarer Pride, Esq.

      The Pride Law Firm

      Attorney for D███ ████████ M███, a minor, and Madison-Rae Jordan

*Jordan v. United States,* Civil Action No. 3:15-cv-01199-BEN-NLS
Stipulation for Compromise Settlement and Release
(Sept 11, 2017)
Page **18** of **21**

Executed this _____ day of _____, 2017.
D███████ ████████████ M██████, A MINOR

By: _____

Madison-Rae Jordan, Next Friend of
D██████ ████████ M█████, a minor


_____

Jacob Howland, Father of
D██████ ████████ M█████, a minor

*Jordan v. United States,* Civil Action No. 3:15-cv-01199-BEN-NLS
Stipulation for Compromise Settlement and Release
(Sept 11, 2017)
                              Page **19** of **21**

Executed this_____day of_____, 2017.
MADISON-RAE JORDAN, INDIVIDUALLY


_____

Madison-Rae Jordan, Individually

*Jordan v. United States,* Civil Action No. 3:15-cv-01199-BEN-NLS
Stipulation for Compromise Settlement and Release
(Sept 11, 2017)
                                        Page **20** of **21**

Executed this _____ day of _____, 2017.

K███████  ███████  J███████, A MINOR

By: _____

Madison-Rae Jordan, Next Friend of

K███████  ███████  J███████, a minor

*Jordan v. United States,* Civil Action No. 3:15-cv-01199-BEN-NLS
Stipulation for Compromise Settlement and Release
(Sept 11, 2017)

Page **21** of **21**